# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PARKER-HANNIFIN CORPORATION and PARKER INTANGIBLES LLC, | Judge Christopher A. Boyko |
| Plaintiffs, | |
| v. | Case No. 1:07cv00238 |
| BALDWIN FILTERS, INC. and CLARCOR INC., | |
| Defendants. | |

## PROPOSED STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c)(7), the Court hereby issues the following order:

1. **Definitions**

   (a) "CONFIDENTIAL" includes material that is commercially sensitive, confidential or proprietary and includes a trade secret, confidential research and development (including technical product information and non-commercialized products), strategic business plans (including financial and market analyses, forecasts, and budgets) or commercial information (including customer lists, contact information, inventories, production, sales, costs, margins, profits/losses), that has not been made public and which disclosure to persons other than those authorized under Paragraph 5(a) would have the effect of causing harm to the competitive commercial position of the Designating Party or a third party. "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" includes materials of a highly sensitive nature, the disclosure of which to the opposing party even in connection with this litigation likely could result in competitive injury. A Designating Party shall only designate information as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" if the Designating Party

reasonably believes, in good faith, after review by an attorney or paralegal assistant, that good cause exists for such designation. "CONFIDENTIAL" and "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information shall include documents produced during discovery, answers to interrogatories and responses to requests for admissions, depositions, hearing or trial transcripts, and tangible things that are designated pursuant to this Order, the information contained therein and all copies, abstracts, excerpts, analyses or other writings that contain, reflect or disclose such information.

(b) "Designating Party" means (a) any party to this case producing documents or information designated by such party as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY under this Order; and/or (b) any non-party producing documents or information in connection with this case designated by such non-party as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY under this Order.

2. **Designation of Confidential Material**

When responding to requests for production of documents served pursuant to Fed. R. Civ. P. 33 or 34 or otherwise, or when disclosing information pursuant to Fed. R. Civ. P. 26(a)(1), any party may designate as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY any document in whole or part that it believes contains CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information by affixing to such a document the designation "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." Documents so marked and all information derived therefrom including testimony, briefs, notes, copies, abstracts, excerpts or summaries that contain, reflect, or disclose the same shall be treated in accordance with the terms of this Order. Any answer to

an interrogatory or response to a request for admission that contains CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information shall be so designated.

Information is not properly designated subject to this Order if it: (i) is in the public domain; (ii) becomes part of the public domain by publication or other means, except an unauthorized act or omission on the part of the receiving party; (iii) is supplied to the receiving party by a third party who is under no obligation to maintain such information in confidence; and/or (iv) is or becomes known to the receiving party without any breach of this Order or other confidentiality obligations.

Nothing in this Order shall prevent any party or non-party from using in any manner, or disclosing information or documents which are publicly available where it can be shown as a matter of written record that such information or documents are publicly available, its own documents or information, or documents of information lawfully obtained on a non-confidential basis from any source that has a right to disclose it, other than through discovery in this action.

3. **Objections to Designation**

If any party objects to the designation of any materials as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, such party shall state the objection in writing to counsel for the Designating Party. If the parties are then unable to resolve the objection within ten (10) days, the objecting party may move the Court to do so. Until an objection to the designation of a document has been resolved by agreement of counsel or by order of the Court, the document shall be treated as designated by the Designating Party and subject to this Order. The Designating Party shall have the burden of establishing that the information was properly designated. If an objecting party does not make a timely motion, such objection is deemed withdrawn.

4.  **Limitations on Use**

Materials designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY may be used by the persons properly receiving such material only for the purpose of preparing for and conducting pretrial and trial proceedings in this action or in related appellate proceedings and for no other purpose.

5.  **Limitations on Disclosure**

(a)    Except as the Court may otherwise expressly direct, or the Designating Party may expressly agree in writing, material designated CONFIDENTIAL may be disclosed only to the following persons:

> (1)    outside attorneys who are members of or associated with the law firms that are attorneys of record for each party and who are actively engaged in this litigation, and to paralegal assistants, technical advisors, office clerks, secretaries and other support staff assisting such attorneys in this litigation;
>
> (2)    designated outside experts and consultants who are retained for consultation or for testimony in this litigation, provided that such consultants or experts are not associated with or employed by a party or an actual or potential competitor of the party against whose interest the experts or consultants are retained to testify or work, who agree to be bound by the terms of this Order, and who are designated in advance to the other party in accordance with paragraph 6 below;
>
> (3)    non-technical jury or trial consultants retained by outside counsel;

4

(4) graphics or design firms retained by outside counsel for the receiving party for the purpose of preparing demonstrative or other exhibits for depositions, trials, or other court pleadings in this action, including their supporting personnel;

(5) document imaging and database services personnel retained by outside counsel, and consultants retained by outside counsel to set up, maintain and/or operate computer systems, litigation databases or convert data for inclusion in such databases;

(6) licensed court reporters and videographers employed in connection with this Action;

(7) the Court, its clerks and secretaries; and

(8) party employees and in house counsel, not to exceed two (2) in house counsel and up to one (1) additional party employee for Plaintiffs and two (2) in house counsel and up to one (1) additional party employee for Defendants, provided that they are not involved in prosecuting patent applications involving the subject matter of the patents in suit and that they sign an undertaking in the form of Exhibit A, attached hereto, a copy of which shall be served on all parties.

(b) Except as the Court may otherwise expressly direct, or the Designating Party may expressly agree in writing, material designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY and information contained therein may be disclosed only to those persons identified in paragraphs 5(a)(1) through 5(a)(7) above. The foregoing notwithstanding, trial counsel can provide pleadings and other papers intended to be filed with the court, including drafts thereof, which contain CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY

information to the up to two (2) in house attorneys permitted under Section 5(a)(8) employed by a party, provided that no underlying documents containing CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY information are shown or provided to the in house attorneys. Prior to disclosure of any pleadings or intended court filings containing CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY information to such in house attorneys, such in house attorneys shall execute an undertaking in the form of Exhibit A, attached hereto, and a copy of the undertaking shall be served on all parties.

6. **Objections to Disclosure**

(a) Prior to disclosure of any material designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY to any person described in paragraph 5(a)(2), counsel for the party proposing to disclose shall first provide such person with a copy of this Order, and shall cause him to execute an undertaking in the form of Exhibit A, attached hereto. In addition, at least ten (10) days prior to disclosing any such information to such person, counsel proposing the disclosure shall provide to the Designating Party a written notice identifying the name of the person, and shall also serve a copy of the undertaking executed by such person. In addition, counsel proposing the disclosure shall provide to the Designating Party a written notice with said person's resume including present occupation, employer and position, and any other business affiliation relating to the subject matter of the litigation (including client relationships, if appropriate).

(b) If the Designating Party objects in writing within ten (10) days after receiving such notice, no disclosure will be made until the objection is resolved by agreement of counsel or by order of the Court. The counsel objecting to a proposed disclosure hereunder shall hereby be

deemed to certify that there are good grounds for the objection and shall state such grounds in the written objection.

7. **Depositions**

If, in the course of this proceeding, depositions are conducted that involve CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information, counsel for the witness or party producing such information may state, on the record, the portion of the deposition which counsel believes may contain such information. If such designation is made, that portion of the deposition will be taken with no one present except those persons who are authorized to have access to such information in accordance with this Order, the reporter, and (if used) the videographer. Subject to the terms hereof, CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information may be disclosed by a receiving party to the witness during a deposition, to the extent that its use is necessary and for purposes of the deposition(s) of:

    (a)    the present Directors or Officers of the producing party;

    (b)    present employees of the producing party, to the extent such persons would be entitled to receive such information pursuant to the producing party's internal policies respecting confidentiality or this Order;

    (c)    an author, addressee, or other person, including former employees, indicated as a recipient of a document containing the information;

    (d)    any witness selected by a designating party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure;

(e) a person clearly identified in prior discovery or by the deponent in his or her deposition as an author or recipient of the information (without prior disclosure of the specific confidential information);

(f) an independent advisor, consultant or expert otherwise qualified under this Order to receive such information; or

(g) any person for whom prior authorization is obtained from the producing party or the Court.

Each party shall have until thirty (30) calendar days after receipt of the deposition transcript within which to inform the other parties to the action of the portions of the transcript (by specific page and line reference) to be designated as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY. The right to make such designation shall be waived unless made within the thirty (30) calendar day period, but shall not affect the status of any other CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information, whether or not closely related. Prior to such designation, or expiration of the thirty (30) calendar day period, the entire deposition transcript shall be deemed CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY. Transcripts of testimony, or portions thereof, so designated shall be filed only under seal as described in paragraph 8, until further order of the Court.

8. **Use in Court before Trial**

Any written material constituting or disclosing CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY filed with the Clerk of the Court, including court papers, shall be filed under seal pursuant to the Local Rules for the Northern District of Ohio.

9. **Use at Trial and Other Proceedings**

CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY materials, including deposition transcripts, may be referred to in discovery responses, motions, briefs and other communications with the Court. They also may be used at depositions, hearings, trial or other proceedings including, but not limited to, the examination or cross-examination of any witness provided, however, that only persons qualified to have access to the materials shall be present at the proceeding. If the receiving party intends to disclose such materials at any deposition, hearing, trial or other proceeding at which persons other than employees of the producing party and authorized persons are present, the producing party shall be given sufficient advance notice to assert an objection and, if necessary, suspend the proceeding and seek a ruling from the Court.

10. **Inadvertent Disclosure of Privileged Information**

The inadvertent or unintentional disclosure by the producing party of information subject to the attorney-client privilege or work-product doctrine or any other applicable privilege or immunity shall not be deemed a waiver in whole or in part of the party's claim of privilege or work-product immunity, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. If a party has inadvertently produced information subject to a claim of privilege or immunity, the receiving party shall take reasonable steps to ensure that all known copies of such information, documents or things are returned promptly to the producing party. After return of the information documents or things, the receiving party may challenge the producing party's claim of privilege and/or work product by filing a motion with the Court. Any determination by the Court on the producing party's claim of privilege and/or work product shall be made without regard to the fact that such

information, documents and things have been produced so long as such production was made inadvertently. The receiving party shall bear the burden of proving that such production was not made inadvertently.

11. **Safeguarding Information**

(a) If CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information is inadvertently disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately inform the Designating Party of the pertinent facts relating to such disclosure and shall make reasonable efforts to prevent disclosure by each unauthorized person who received such information.

(b) CONFIDENTIAL and CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information shall be maintained by the recipient of such information in a secure manner.

(c) If a party inadvertently produces CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information without having designated it as such, the producing party promptly shall inform the receiving party of the inadvertent disclosure in writing and the receiving party shall thereafter treat the information as though it were properly designated. If the receiving party has disclosed the information to persons not authorized to see the information, the receiving party will make every reasonable effort to retrieve the information from such persons and to limit any further disclosure to unauthorized persons.

12. **Advice to Client**

Nothing in this Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY materials produced or exchanged in this litigation; provided,

10

however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of the materials.

13. **Return and Destruction**

Within ninety (90) days after termination of this litigation, including any post-trial proceedings and appeals, all copies of any CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY materials shall either be returned to the Designating Party or, in the sole discretion of the Designating Party, destroyed, except that the attorneys of record for each party may retain one copy or sample of the materials for reference in the event of a dispute over the use or dissemination of information, and may retain any of the materials that include or reflect attorney work product. Further, upon termination of this action, each party that has delivered such materials to the Court's chambers shall request their return according to the Local Rules for the Northern District of Ohio and, upon their return, shall dispose of them according to the procedures set forth in this paragraph.

14. **Amendments**

Nothing contained in this Order shall prejudice in any way the right of any party to seek, by way of consent of the other party or by application to the Court, (a) additional protection for specific items of CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY materials; or (b) relief from the provisions of this Order with respect to specific items or categories of CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY materials.

15. **Continuing Effect**

After the termination of this action, this Order shall continue to be binding upon the parties thereto and all persons to whom CONFIDENTIAL or CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY materials has been disclosed or communicated. In the event that this action or any portion thereof is transferred to another judicial district pursuant to order of the Court, this Order shall continue in full force and effect for any portion not transferred, and for any portion transferred until modified or vacated by the transferee court.

16. **Inspection of Premises**

In the case of inspection of premises, the producing party, at the time of inspection, shall designate in writing to the inspecting party the areas that it believes may lead to the disclosure of CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information.

17. **Non-Parties**

Any information produced or disclosed by a non-party pursuant to a subpoena or otherwise in this action shall be covered by the terms of this Order by marking or identifying such information pursuant to the terms of this Order. Any party may designate any materials produced in this action by a non-party as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY under the terms of this Order.

18. **Non-Waiver and Non-Admission**

The execution of this Order shall not be construed as an agreement by any person or party to produce or supply any information, document or thing, or as a waiver by any person or party of this right to object to the production of any information, document or thing, or as a waiver of any claim of privilege with regard to the production of any information, document or thing. In addition, nothing contained in this Order shall be construed an admission by any party that any document, information or other material designated as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY is in fact confidential, proprietary or a trade secret.

19. **Time of Effectiveness**

The parties agree to treat this Order as entered by the Court as of the date it becomes fully executed by the parties. In the event that the fully executed Order should be rejected by the Court, or that the Court should require any changes in the executed Order, the parties agree to treat any properly marked material or information produced in the interim as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY according to the dictates of this Order as originally executed.

20. **No Evidentiary Significance**

The designation by a party or non-party of any information, document or other material as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY shall have no evidentiary significance and may not be used at a hearing or at trial for any purpose. A party's failure to object to a producing party's designation shall likewise have no evidentiary significance and shall not constitute an admission that the information is confidential, proprietary or a trade secret.

SO ORDERED this 7th day of August 2007.    CAB, J.

_Christopher A. Boyko_
The Honorable Christopher A. Boyko
United States District Judge

FILED
AUG 7 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

Submitted by:

| | |
|---|---|
| Attorneys for Plaintiffs<br>PARKER-HANNIFIN CORPORATION and<br>PARKER INTANGIBLES LLC, | Attorneys for Defendants<br>BALDWIN FILTERS, INC. and<br>CLARCOR INC. |

By: _____  By: _____
    Harry D. Cornett, Jr. (0013179)          Hugh E. McKay (0023017)
    Benjamin C. Sassé (0072856)              Tracey L. Turnbull (0066958)
    Tucker, Ellis & West LLP                 John A. Mugnano (0073927)
    1150 Huntington Bldg.                    Porter Wright Morris & Arthur LLP
    925 Euclid Avenue                        925 Euclid Avenue, Suite 1700
    Cleveland, OH 44115                      Cleveland, Ohio 44115-1483
    (216) 696-5000                           (216) 443-9000

Of Counsel:                              Of Counsel:
    Francis DiGiovanni (*Pro Hac Vice*)      John W. Kozak (*Pro Hac Vice*)
    M. Curt Lambert (*Pro Hac Vice*)         Caryn C. Borg-Breen (*Pro Hac Vice*)
    Connolly Bove Lodge & Hutz LLP           Leydig, Voit & Mayer, Ltd.
    1007 North Orange Street                 Two Prudential Plaza, Suite 4900
    P.O. Box 2207                            180 North Stetson Avenue
    Wilmington, DE 19899                     Chicago, IL 60601-6780
    (302) 658-9141                           (312) 616-5600

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| PARKER-HANNIFIN CORPORATION and PARKER INTANGIBLES LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BALDWIN FILTERS, INC. and CLARCOR INC.,<br><br>Defendants. | Judge Christopher A. Boyko<br><br>Case No. 1:07cv00238 |

### UNDERTAKING OF _____

I, _____, hereby certify that:

1. I live at _____, and am employed by _____ where I hold the position of _____.

2. I have read and agree to be bound by the terms of the Stipulated Protective Order entered in the above-captioned action, and I understand its terms and the obligations.

3. I agree to use the confidential information provided to me under the Stipulated Protective Order only for purposes of this litigation.

4. I agree to return the confidential information provided to me, including materials that I may prepare concerning the confidential information, under the Stipulated Protective Order upon conclusion of the above-captioned case.

5. I understand that my failure to abide by terms of the Stipulated Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

6. I submit to the jurisdiction of the United States Court of the Northern District of Ohio solely for the purpose of enforcing the terms of the Stipulated Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

I make this certificate this ____ day of _____, 20__.

_____
(SIGNATURE)