IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| PARKER-HANNIFIN CORPORATION and PARKER INTANGIBLES LLC, <br><br>    Plaintiffs, <br><br>  v. <br><br>BALDWIN FILTERS, INC. and CLARCOR INC., <br><br>    Defendants. | CASE NO. 1:07-cv-00238-CAB <br><br>Judge Christopher A. Boyko <br><br>AMENDED AND SUPPLEMENTED COMPLAINT <br><br>JURY DEMAND |

**THE PARTIES**

1.   Plaintiff Parker-Hannifin Corporation ("Parker") is an Ohio Corporation having its headquarters at 6035 Parkland Blvd., Cleveland, Ohio 44124-4141 and having its Racor Division at 3400 Finch Road, Modesto, California 95353.

2.   Plaintiff Parker Intangibles, LLC ("PI") is a Delaware limited liability company having its principal place of business at 6035 Parkland Blvd., Cleveland, Ohio 44124-4141.

3.   On information and belief, Defendant Clarcor Inc. ("Clarcor") is a Delaware corporation having its registered agent's address at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

4.   On information and belief, Defendant Baldwin Filters, Inc. ("Baldwin") is a Delaware corporation having its registered agent's address at Corporation Trust Center, 1209 Orange Street,

Wilmington, Delaware, 19801, and is a division of Clarcor having its headquarters at 4400 East Highway 30, Kearney, Nebraska, 68847, and sells various products in Ohio through retailers, distributors and resellers, including the products at issue in this action.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

7. Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

8. On July 4, 2006, U.S. Patent No. 7,070,692 ("the '692 patent"), entitled "Fuel Filter With Keys," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '692 patent is attached as Exhibit A.

9. On August 8, 2006, U.S. Patent No. 7,086,537 ("the '537 patent"), entitled "Extension and Locking Assembly for Dripless Element, and Container Therefore," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '537 patent is attached as Exhibit B.

10. On January 16, 2007, U.S. Patent No. 7,163,623 ("the '623 patent"), entitled "Fuel Filter with Keys," was duly and

legally issued by the United States Patent and Trademark Office. A true and correct copy of the '623 patent is attached as Exhibit C.

11. On January 10, 2006, U.S. Patent No. 6,983,851 ("the '851 patent), entitled "Extension and locking assembly for dripless element, and container therefore," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '851 patent is attached as Exhibit D.

12. The '692, '537, '623, and '851 patents are owned by PI. Parker is the exclusive licensee of the '692, '537, '623, and '851 patents, with the right to sue for past, present and future infringement and the right to seek injunctive relief and monetary damages.

13. Baldwin has manufactured and sold, or is presently manufacturing and selling, filters and filter elements ("the accused filters") including filter elements designated as Model Numbers PF7789, PF7889, PF7890, and P7235. Upon information and belief, the accused filters are sold to retailers, distributors and resellers who resell the product throughout the United States, including in the State of Ohio.

**COUNT ONE**

14. Parker and PI (hereinafter "Plaintiffs") incorporate the allegations set forth in Paragraphs 1-13 above as if each were separately set forth at length herein.

15. The accused filters infringe one or more claims of the '692 patent.

16. Baldwin is infringing and inducing others to infringe the '692 patent in violation of 35 U.S.C. § 271, such acts of infringement have been committed in this judicial district and others, and will continue to do so unless and until enjoined by the Court.

17. Plaintiffs have suffered and will continue to suffer damages and irreparable injury as a result of Baldwin's infringement.

18. Baldwin was given actual notice of Plaintiffs' published United States Patent Application 10/988,347 ("the published '347 application"), which subsequently issued as the '692 patent, and was also given actual notice of the '692 patent. Despite actual knowledge of Plaintiffs' patent rights and their applicability to the accused filters, Baldwin has willfully continued to infringe Plaintiffs' rights in the '692 patent.

**COUNT TWO**

19. Plaintiffs incorporate the allegations set forth in Paragraphs 1-13 above as if each were separately set forth at length herein.

20. The accused filters infringe one or more claims of the '537 patent.

21. Baldwin is infringing and inducing others to infringe the '537 patent in violation of 35 U.S.C. § 271, such acts of infringement have been committed in this judicial district and others, and will continue to do so unless and until enjoined by the Court.

22. Plaintiffs have suffered and will continue to suffer damages and irreparable injury as a result of Baldwin's infringement.

23. Baldwin was given actual notice of Plaintiffs' published United States Patent Application 11/207,099 ("the published '099 application"), which subsequently issued as the '537 patent. Despite actual knowledge of Plaintiffs' patent rights and their applicability to the accused filters, Baldwin has willfully continued to infringe Plaintiffs' rights in the '537 patent.

**COUNT THREE**

24. Plaintiffs incorporate the allegations set forth in Paragraphs 1-13 above as if each were separately set forth at length herein.

25. The accused filters infringe one or more claims of the '623 patent.

26. Baldwin is infringing and inducing others to infringe the '623 patent in violation of 35 U.S.C. § 271, such acts of infringement have been committed in this judicial district and

AMENDED AND SUPPLEMENTED COMPLAINT
993078_1.doc
5

others, and will continue to do so unless and until enjoined by the Court.

27. Plaintiffs have suffered and will continue to suffer damages and irreparable injury as a result of Baldwin's infringement.

28. Baldwin was given actual notice of Plaintiffs' rights in the '623 patent. Despite actual knowledge of Plaintiffs' patent rights and their applicability to the accused filters, Baldwin has willfully continued to infringe Plaintiffs' rights in the '623 patent.

### COUNT FOUR

29. Parker and PI (hereinafter "Plaintiffs") incorporate the allegations set forth in Paragraphs 1-13 above as if each were separately set forth at length herein.

30. The accused filters infringe one or more claims of the '851 patent.

31. Baldwin is infringing and inducing others to infringe the '851 patent in violation of 35 U.S.C. § 271, such acts of infringement have been committed in this judicial district and others, and will continue to do so unless and until enjoined by the Court.

32. Plaintiffs have suffered and will continue to suffer damages and irreparable injury as a result of Baldwin's infringement.

33. Baldwin was given actual notice of Plaintiffs' rights in the '851 patent. Despite actual knowledge of Plaintiffs' patent rights and their applicability to the accused filters, Baldwin has willfully continued to infringe Plaintiffs' rights in the '851 patent.

WHEREFORE, Plaintiffs request that a judgment be entered against Baldwin:

    a.   Preliminarily and permanently enjoining Baldwin, its officers, employees, subsidiaries, agents, attorneys and all persons in active concert with them, from any further infringement of the '692, '537, '623, and '851 patents;

    b.   Awarding damages, costs and interest to Plaintiffs under 35 U.S.C. §§ 284 and 154(d);

    c.   Awarding up to treble damages upon a finding that Baldwin's infringement has been willful under 35 U.S.C. § 284;

    d.   Declaring this case exceptional and awarding Plaintiffs their reasonable attorney's fees, pursuant to 35 U.S.C. § 285; and

    e.   Awarding Plaintiffs such other and further relief as this Court deems just and proper.

///

///

////

**DEMAND FOR JURY TRIAL**

34. Plaintiffs hereby demand a jury trial on all triable issues presented by counts one through four and Plaintiffs' prayer for relief.

    Respectfully submitted,

    s/Harry D. Cornett, Jr.
Francis DiGiovanni (Pro Hac Vice)
M. Curt Lambert (Pro Hac Vice)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street, P.O. Box 2207
Wilmington, DE 19899
Tel:    (302) 658-9141
Fax:    (302) 658-5614
E-mail:  fdigiovanni@cblh.com
         mlambert@cblh.com

Harry D. Cornett, Jr. (0013179)
Benjamin C. Sassé (0072856)
TUCKER ELLIS & WEST LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH 44115-1414
Telephone:  216.592.5000
Telefax:  216.592.5009
E-mail:  harry.cornett@tuckerellis.com
         benjamin.sasse@tuckerellis.com

Attorneys for Plaintiffs

AMENDED AND SUPPLEMENTED COMPLAINT
993078_1.doc

8

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2008, a copy of the foregoing **Amended and Supplemented Complaint** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Harry D. Cornett, Jr.
Francis DiGiovanni (Pro Hac Vice)
M. Curt Lambert (Pro Hac Vice)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street, P.O. Box 2207
Wilmington, DE 19899
Tel:      (302) 658-9141
Fax:      (302) 658-5614
E-mail:   fdigiovanni@cblh.com
          mlambert@cblh.com

Harry D. Cornett, Jr. (0013179)
Benjamin C. Sassé (0072856)
TUCKER ELLIS & WEST LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH 44115-1414
Telephone:    216.592.5000
Telefax:  216.592.5009
E-mail:   harry.cornett@tuckerellis.com
          benjamin.sasse@tuckerellis.com

Attorneys for Plaintiffs

10933.00004.993078.1